TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00215-CR

Jamie Lamont Arnold, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 0980078, HONORABLE MIKE LYNCH, JUDGE PRESIDING

A jury found appellant Jamie Lamont Arnold guilty of aggravated robbery and
assessed punishment at imprisonment for fifteen years. See Tex. Penal Code Ann. § 29.03 (West
1994). In his only point of error, appellant complains that the district court erroneously admitted
hearsay evidence. We will overrule this contention and affirm the conviction.

In September 1997, James Abbott and Jesse Stanfield placed a classified
advertisement in the newspaper offering to sell puppies. A man called in response to the ad and
arranged to meet Abbott and Stanfield in the parking lot of Reagan High School on the morning
of September 28. Two men on foot, later identified as Willie Drake and Theodore Thompson,
were waiting when Abbott and Stanfield arrived at the school that morning with the puppies. As
the men were talking, a car with two occupants drove up and then quickly left. The car returned
ten minutes later and stopped about eighty feet away from the group. Abbott walked over to the
car and began a conversation with the passenger, whom he identified at trial as appellant. After
a few minutes, appellant produced a shotgun, pointed it at Abbott, and instructed him to put the
puppies in the car. Abbott seized the barrel of the shotgun and, in the ensuing struggle, managed
to wrest the weapon away from appellant. The car sped off, and Drake and Thompson fled. 
Abbott and Stanfield succeeded in stopping Drake, who offered no resistance. Thompson was
arrested by the police a short time later.

Thompson told the investigating officer that the passenger in the car was a man
known to him as Red. Police seized an envelope from Thompson's residence on which was
written "Red" and a pager number. An Austin pager company was able to identify appellant as
the owner of the account with that number, and business records confirming that information were
introduced in evidence. Appellant was arrested after Abbott identified his photograph in a spread
two months after the robbery.

The envelope taken from Thompson's house was introduced in evidence over
appellant's objection. Appellant urges that the information written on the envelope was hearsay. 
Appellant argues that Thompson did not have personal knowledge that the pager number belonged
to Red, but instead was merely repeating information he received from his girlfriend, who actually
wrote the number on the envelope.

Hearsay is an out-of-court statement offered to prove the truth of the matter stated. 
See Tex. R. Evid. 801(d). An extrajudicial statement or writing that is offered to prove what was
said, rather than the truth of the matter stated, is not hearsay. See Dinkins v. State, 894 S.W.2d
330, 347 (Tex. Crim. App. 1995). The envelope in question was not introduced to prove that the
pager number belonged to appellant; that was proved by other evidence. Instead, the envelope
was offered merely to show what was written thereon, in order to demonstrate how appellant came
to be identified. The point of error is overruled.

The judgment of conviction is affirmed.

 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish